PARAG L. AMIN (CA SBN 281133)
LAW OFFICE OF PARAG L. AMIN, P.C.
5901 W. Century Blvd., Suite 1500
Los Angeles, CA 90045
Tel: (213) 293-7881
Fax: (213) 986-3563
Email: parag@lawpla.com

Attorneys for Defendants
THE PERFECT PART INC.
ADAM ZINKER
CORY ZINKER

# UNITED STATES DISTRICT COURT FOR

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 3M COMPANY,<br><br>        Plaintiff,<br>vs.<br>THE PERFECT PART INC.,<br>ADAM ZINKER,<br>CORY ZINKER.<br><br>        Defendants. | Case No.: No. 2:20-cv-10540-JVS-JEM<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. James V. Selna<br>Date: Dec. 9, 2020<br>Time: 9:00 a.m. |

**INTRODUCTION**

This matter involves 3M COMPANY, a multi-national, publicly traded company worth nearly $100 billion against THE PERFECT PART, INC. ("PERFECT PART"), a small online eBay retailing company started and run by two twin brothers, ADAM ZINKER and CORY ZINKER. [Declaration of Adam Zinker ("Adam Decl.") ¶¶ 4, 5; Declaration of Cory Zinker ("Cory Decl.") ¶¶ 4, 5.] In 2013, the brothers started PERFECT PART after graduating college. [Adam Decl. ¶ 5; Cory Decl. ¶ 5.] It was and is their first and only business. [Adam Decl. ¶ 6; Cory Decl. ¶ 6.]

**STATEMENT OF FACTS**

PERFECT PART runs an online storefront on eBay to that primarily wholesales mobile phone parts and accessories. [Adam Decl. ¶ 7.] PERFECT PART currently employs 22 people, including ADAM ZINKER and CORY ZINKER. [Adam Decl. ¶ 9.] ADAM ZINKER and CORY ZINKER are twenty-eight (28) years old. [Adam Decl. ¶ 1; Cory Decl. ¶ 1.]

Amongst the types of products that PERFECT PART traditionally sells are items such as phone cases, iPhone and iPad tablet repair parts, and replacement batteries for phones. [Adam Decl. ¶ 8.]

Since beginning the storefront in 2012, PERFECT PART has received over 435,718 positive customer reviews and enjoys a feedback rating of 100% on eBay with its customers. [Adam Decl. ¶ 11.]

In April 2020, eBay reached out to PERFECT PART and asked if they wanted to sell personal protective equipment ("PPE"), including masks, due to its favorable rating with customers. [Adam Decl. ¶ 12.]

PERFECT PART then acquired masks, including 3M masks, from wholesalers who provided verification that the masks they had purchased were

authentic masks. [Adam Decl. ¶ 13; *see* Exhibits 1 and 2 attached to Adam Decl.]

PERFECT PART has never sold any products knowing them to be counterfeit, including any 3M masks or 3M products. [Adam Decl. ¶ 14.] The 3M masks sold by PERFECT PART consisted 8 kinds items out of approximately 5,000 different products that PERFECT PART sells on its eBay storefront. [Adam Decl. ¶ 15.] This is means that 3M masks consisted of 0.16% of the types of products that PERFECT PART sold. [Adam Decl. ¶ 15.]

On November 24, 2020 at approximately 9 p.m., when ADAM ZINKER learned of this lawsuit, he proactively removed all 3M masks for sale from PERFECT PART's eBay storefront. [Adam Decl. ¶ 17.] Aside from this lawsuit filed by 3M, Defendants still have no basis for believing that they have intentionally sold any counterfeit 3M masks. [Adam Decl. ¶ 16; Cory Decl. ¶ 16.]

Defendants did not manufacture the masks. [Adam Decl. ¶ 18; Cory Decl. ¶ 18.] Defendants purchased the masks from what they believed were legitimate 3M resellers based substantial documentation obtained from those resellers. [*See* Exhibit 1 and Exhibit 2 attached to Adam Decl.]

One such document is the SGS Inspection Report. [*See* Exhibit 1 attached to Adam Decl.] SGS is a Swiss multinational company headquartered in Geneva, Switzerland which provides inspection, verification, testing and certification services. The purpose is to ensure that products any provided products are authentic.

As of the date 3M filed its ex parte application with the Court for a temporary restraining order and a preliminary injunction, PERFECT PART did not have any funds relating to the sale of 3M masks in its eBay account. [Adam Decl. ¶ 19.]

On November 25, 2020, the date the Court granted the temporary restraining

order, at approximately 11 a.m. ADAM ZINKER spoke with counsel for 3M, Christopher Weimer, and informed him that PERFECT PART removed all of 3M's products off of their eBay storefront. [Adam Decl. ¶ 20.] Despite that, 3M and its counsel proceeded with freezing PERFECT PART's eBay account.

Additionally, contrary to paragraph 4 of the Declaration of Christopher M. Weimer Regarding Service of Defendants, filed as docket number 43-1, Mr. Weimer did not inform ADAM ZINKER that Mr. Weimer or anyone else sought to serve the Summons and Complaint on ADAM ZINKER personally or about whether there was a time when a process server could return to ADAM ZINKER's residence for that purpose. [Adam Decl. ¶ 22.]

## LEGAL ANALYSIS AND ARGUMENT

### A. PLAINTIFF CANNOT MEET ITS BURDEN FOR THE EXTRAORDINARY REMEDY OF A PRELIMINARY INJUNCTION

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing the plaintiff is entitled to such relief." *Winter v. NRDC*, 555 U.S. 7, 22 (2008) ("Winter"). Under Winter, a plaintiff "must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and, (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (applying Winter, 555 U.S. at 29) ("Winter factors").

"The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered." U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010).

Perhaps the most troubling issue with this matter is the swiftness by which

publicly traded, multinational company, 3M, has already crippled PERFECT PART's small business via its temporary restraining order during a time when small businesses are already struggling due to COVID.

Here, even assuming that 3M can prove that any masks sold by Defendants were not genuine 3M masks, which Defendants deny, the extraordinary relief of a preliminary injunction is unwarranted and would be unjust.

### B. PLAINTIFF CANNOT SHOW IT WILL SUFFER IRREPARABLE HARM SINCE DEFENDANTS ARE NO LONGER SELLING 3M PRODUCTS

Aside from this lawsuit filed by 3M, Defendants still have no basis for believing that they have intentionally old any counterfeit 3M masks. [Adam Decl. ¶ 16; Cory Decl. ¶ 16.] Defendants have not engaged in the process of intentionally selling 3M masks or any other product that they believed to be counterfeit. [Adam Decl. ¶ 14; Cory Decl. ¶ 14.] As 3M readily admits, at least some of the masks sold by Defendants on its eBay store were legitimate 3M masks. [Complaint, page 15, paragraph 52.]

Moreover, after learning of the subject lawsuit Defendants immediately stopped advertising or selling any 3M masks even before the Court granted the temporary restraining order. [Adam Decl. ¶ 21; Cory Decl. ¶ 20.]

Additionally, Defendants have no intention of advertising or continuing to sell 3M masks or products. [Adam Decl. ¶ 21; Cory Decl. ¶ 20.] Accordingly, Plaintiff cannot establish that it will suffer irreparable harm in the absence of the extraordinary relief it requests of a preliminary injunction.

However, Defendants will suffer irreparable harm if the temporary restraining order is not lifted. The temporary restraining order has frozen all of Defendants' eBay funds. [Adam Decl. ¶ 23.] This has left Defendants in a

precarious position since Defendants need the funds to make their payroll obligations for their 22 employees and to meet basic expenses such as shipping expenses. [*See* Adam Decl. ¶ 23.]

Accordingly, this fact combined with the fact that Defendants have stopped selling or advertising any 3M masks for sale means that 3M will not suffer irreparable harm.

### C. THE BALANCE OF EQUITIES IS IN DEFENDANTS' FAVOR

While 3M attempts to portray this matter as some insidious scheme to confuse the general public by selling genuine and counterfeit masks, the truth is far simpler. Defendants purchased the masks from what they believed were legitimate 3M resellers based on documentation obtained from those resellers. [*See* Adam Decl. ¶ 13 and Exhibits 1 and 2 attached to Adam Decl.]

Moreover, as explained above, ADAM ZINKER and CORY ZINKER are two entrepreneurs running a small business that employs twenty-two (22) people. [Adam Decl. ¶ 9.] The 3M masks that PERFECT PART sold on its eBay store make up 0.16% of PERFECT PART's items. [Adam Decl. ¶ 15.] Accordingly, to have a preliminary injunction issued would cripple and end PERFECT PART's business. At worst, Defendants unknowingly and unintentionally sold counterfeit 3M masks based on what they believed to be genuine certificates. Therefore, the equities balance in Defendants' favor for not issuing a preliminary injunction.

### D. PUBLIC INTEREST IS NOT FAVORED BY A PRELIMINARY INJUNCTION

As discussed above, Defendants are not selling any 3M masks. Moreover, ADAM ZINKER already removed all 3M masks for sale at approximately 9 p.m. on November 24, 2020. [Adam Decl. ¶ 17.] Accordingly, when the temporary restraining order was issued and when 3M froze PERFECT PART's eBay account,

none of the Defendants were engaged in the sale of any 3M products whatsoever.

Since beginning the storefront in 2012, PERFECT PART has received over 435,718 positive reviews and enjoys a feedback rating of 100% with its customers. [Adam Decl. ¶ 11.] If Defendants were engaged in intentionally selling counterfeit goods, they would not enjoy such positive reviews over such an extended period of time.

Defendants provided quality goods to consumers and no longer sell any 3M masks or products. Accordingly, the public interest is not favored by the issuance of a preliminary injunction.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request for a preliminary injunction and ask that the Court immediately order the release of the funds being currently withheld by eBay so Defendants can make their payroll and other financial obligations. Moreover, Defendants respectfully request that they be allowed to provide a further briefing to the Court as to the damages suffered by 3M's ex parte application and temporary restraining order.

Dated: December 3, 2020              Respectfully submitted,

LAW OFFICE OF PARAG L. AMIN, P.C.

By: _____
Parag L. Amin (Bar No. 281133)
Attorney for Defendants