JAYME C. LONG (Bar No. 202867)
jayme.long@dentons.com
STEPHANIE PEATMAN (Bar No. 299577)
stephanie.peatman@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017
Tel:  (213) 623-9300 / Fax:  (213) 623-9924

CHRISTOPHER M. WEIMER (Texas Bar No. 24061894)
*(Pro Hac Vice)*
cweimer@pirkeybarbar.com
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX  78702
Tel:  (512) 322-5200 / Fax:  (512) 322-5201

Attorneys for Plaintiff
3M COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| 3M COMPANY,<br><br>    Plaintiff,<br><br>  vs.<br><br>THE PERFECT PART INC.,<br><br>ADAM ZINKER,<br><br>CORY ZINKER.<br><br>    Defendants. | Case No. 2:20-cv-10540-JVS-JEM<br><br>**DECLARATION OF CHRISTOPHER M. WEIMER** |

# DECLARATION OF CHRISTOPHER M. WEIMER

I, CHRISTOPHER M. WEIMER, hereby declare as follows:

1. I am an attorney admitted *pro hac vice* to practice before this Court. I am a partner in the law firm of PIRKEY BARBER PLLC, attorneys for Plaintiff 3M Company ("3M" or "Plaintiff") in this matter. I make this declaration, based on my own personal knowledge, in support of Plaintiff's Motion for a Preliminary Injunction.

2. Before Defendants filed their Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction complaining of the harm caused by the limited asset freeze issued by this Court, 3M had already consented, through correspondence of counsel, to modifying the restraints placed on Defendants' accounts to allow for Defendants' legitimate business operations, including funding of payroll.

3. In particular, on December 3, 2020, at approximately 3:49 PM Pacific time (and 5:49 PM Central time where 3M and 3M's counsel is located), I received an email from Defendants' counsel claiming that Defendants were being harmed by the limited asset freeze entered by this Court on November 25, 2020 because they could not access their eBay funds.

4. Less than three hours later, at approximately 6:37 PM Pacific time on December 3, 2020, I responded to Defendants' counsel informing them that 3M would consent to modifying the TRO: (1) to allow for the withdrawal of payroll and payment of expenses related to legitimate business operations of Defendants; and (2) to limit the assets subject to the Order to an amount tied to Defendants' profits from the sale of 3M-branded products.

5. At 7:55 PM Pacific time on December 3, 2020, Defendants counsel responded indicating that the proposed modification to the TRO as suggested by 3M was acceptable.

6. Defendants counsel did not file their Memorandum in Support of their Opposition in Response to Plaintiff's Motion for a Preliminary Injunction until 11:27

P.M. pacific time on December 3, 2020.  In their Memorandum, Defendants did not mention that 3M had already consented to seeking modification of the portions of the TRO that they claim to be causing them harm.

7. The parties have prepared a joint stipulation seeking modification of the TRO to remove all restraints on the assets in question, except for the sum identified by Defendants as being their net profits from the sale of masks bearing the 3M Marks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of December 2020 at Austin, Texas.

*/s/ Christopher M. Weimer*
CHRISTOPHER M. WEIMER