PARAG L. AMIN (Bar No. 281133)
LAW OFFICE OF PARAG L. AMIN, P.C.
5901 W. Century Blvd., Suite 1500
Los Angeles, CA 90045
Tel: (213) 293-7881
Fax: (213) 986-3563
Email: parag@lawpla.com

Attorneys for Defendants
THE PERFECT PART INC.
ADAM ZINKER
CORY ZINKER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| 3M COMPANY, | Case No. 2:20-cv-10540-JVS-JEM |
| Plaintiff, | **DEFENDANTS THE PERFECT PART, INC., ADAM ZINKER, AND CORY ZINKER'S ANSWER TO 3M'S COMPLAINT** |
| vs. | |
| THE PERFECT PART INC. | |
| ADAM ZINKER, | |
| CORY ZINKER. | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | |

### ANSWER TO PLAINTIFF'S COMPLAINT
### AND AFFIRMATIVE DEFENSES

Defendants THE PERFECT PART INC., ADAM ZINKER, and CORY ZINKER ("Defendants"), through their counsel, answer the Complaint of 3M COMPANY ("3M") as set forth below. Unless specifically admitted, Defendants deny each allegation in 3M's Complaint.

### NATURE OF THE ACTION

1. Defendants lack sufficient information and/or knowledge to admit or deny allegations about 3M's motivations for bringing this suit, and on that basis, deny them.

2. Defendants admit that they are online sellers but deny the remainder of the allegations.

3. Defendants deny that they are involved in the "fraudulent sales" of "counterfeit respirators" and lack sufficient information and/or knowledge to admit or deny the remaining allegations and on that basis deny them.

4. Defendants deny these allegations.

5. Defendants lack sufficient information and/or knowledge to admit or deny allegations about 3M's motivations for bringing this suit and on that basis deny them.

6. Defendants lack sufficient information and/or knowledge to admit or deny these allegations, and on that basis, deny them.

7. Defendants admit that 3M seeks the remedy of a preliminary and permanent injunction but deny that 3M is entitled to such a remedy or for the disgorgement of profits. Defendants further deny that they have been involved in any "fraudulent transactions." Defendants lack sufficient information and/or knowledge about what 3M would do with any monetary recovery in this matter, and on that basis, deny.

8. Defendants lack sufficient information and/or knowledge to admit or deny 3M's background or the positioning of its N95 respirators in the market, and on that basis, deny.

9. Defendants lack sufficient information and/or knowledge to admit or deny 3M's allegations regarding its promotion of its products and trademarks, and on that basis, deny.

10. Defendants admit there was a pandemic, but lack sufficient information and/or knowledge to admit or deny the remaining allegations, and on that basis, deny.

11. Defendants lack sufficient information and/or knowledge to admit or deny the demand for 3M-branded respirators or 3M's pricing for those items, and on that basis, deny the remaining allegations.

12. Defendants lack sufficient information and/or knowledge to admit or deny

this allegation about what "wrongdoers" are attempting to do, but Defendants explicitly deny any wrongdoing, including, but not limited to price-gouging, making fake offers, counterfeiting, or any other unfair and deceptive practices that undercut the integrity of the marketplace or constitute a threat to public health or safety.

13. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

14. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

15. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

16. Defendants never received a cease-and-desist letter from 3M and deny any wrongdoing. Defendants lack sufficient information and/or knowledge to admit or deny the remaining allegations, and on that basis, deny.

17. Defendants lack sufficient knowledge and/or information to admit or deny 3M's motivations for bringing this suit, and on that basis deny. However, Defendants explicitly deny that they have engaged in fraud or the proliferation of imitation or counterfeit PPE, or that they have marketed or sold counterfeit 3M products or damaged 3M's reputation, fame, trademark, or goodwill in any way. Defendants further deny any wrongdoing in this matter.

18. Defendants admit that 3M seeks the remedy of a preliminary and permanent injunction and damages but deny that 3M is entitled to such remedies. Defendants lack sufficient information and/or knowledge about what 3M would do with any monetary recovery in this matter, and on that basis, deny.

19. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

20. Defendants admit this allegation.

21. Defendants admit Adam Shachar Zinker and Cory Barak Zinker are both officers and directors of Defendant the Perfect Part Inc. and direct some of its day-to-

day activities, but deny that they can be properly served at 6001 N. 2nd Ave., Phoenix, AZ 85013.

22. Defendants admit that the Court has subject matter jurisdiction over the claims in this matter.

23. Defendants admit that the Court has original and subject-matter jurisdiction over the claims in this matter. Defendants deny that they have engaged in violations of any of the statutes on which the allegations are based.

24. Defendants admit that the Court has original and subject-matter jurisdiction over the claims in this matter. However, Defendants deny that they have engaged in violations of any of the statutes on which the claims are based.

25. Defendants admit that they have an online store on eBay but they have offered or sold infringing or counterfeit 3M products anywhere.

26. Defendants admit that they do business in North Hollywood, California and admit the Court has jurisdiction over the allegations in this matter, but deny any tortious conduct or wrongdoing.

27. Defendants admit that they do business in North Hollywood, California and that the Court has jurisdiction over the allegations in this matter, but deny any tortious conduct or wrongdoing.

28. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

29. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

30. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

31. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

32. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

33. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

34. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

35. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

36. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

37. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

38. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

39. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

40. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

41. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

42. Defendants lack sufficient information and/or knowledge regarding the actions of third-parties, but Defendants deny that they have sought to exploit demand for 3M-branded N95 respirators or that they have sold counterfeit respirators at inflated prices.

43. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

44. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

    A. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

      B.      Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

      C.      Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

      D.      Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

      E.      Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

45. Defendants lack sufficient information and/or knowledge to admit or deny, and on that basis, deny.

46. Defendants deny that they engaged in any unlawful behavior, damaged the 3M brand, or jeopardized the public's health and safety. Defendants also deny that they have undermined public trust in the 3M trademarks or goodwill.

47. Defendants lack sufficient information and/or knowledge to admit or deny 3M's alleged counterfeit 3M hotline or how 3M allegedly learned about the sale of counterfeit products, and on that basis, deny. However, Defendants deny that they sold counterfeit 3M products and deny any wrongdoing in this matter.

48. Defendants deny that they offered counterfeit goods bearing 3M Marks.

49. Defendants lack sufficient information and/or knowledge to admit or deny that 3M's investigator purchased 3M 1860 N95 respirators from Defendants, and on that basis, deny. However, Defendants admit that they represent that all 3M 1860 N95 respirators they sold were genuine and believe them to be genuine.

50. Defendants lack sufficient information and/or knowledge to admit or deny that 3M's investigator purchased 3M 1860 N95 respirators from Defendants, and on that basis, deny.

51. Defendants lack sufficient information to admit or deny what 3M's investigator allegedly received, but Defendants deny that they sold counterfeit 3M products.

52. Defendants admit that they have sold genuine 3M products through their eBay seller account. However, Defendants deny engaging in price gouging or the sale of counterfeit 3M products and deny the remainder of the allegations.

53. Defendants deny intermingling counterfeit 3M products with genuine 3M products. Defendants believe and contend that any and all products sold by them, including 3M respirators, were genuine products. Defendants also deny that any of their actions confused consumers.

54. Defendants admit that they have not entered into a licensing agreement directly with 3M. However, Defendants deny that they ever advertised, marketed, sold, distributed, and/or shipped counterfeit 3M products. Defendants further contend that they were entitled to use photographs of any items they were offering for sale, including 3M-branded respirators, under the First Sale Doctrine for the purpose of ensuring that buyers knew what they were purchasing.

55. Defendants deny the unauthorized use of the 3M Marks or the sale of counterfeit 3M products. Defendants further deny that they caused confusion, mistake, or deception or caused irreparable harm. Defendants further contend it would have been more confusing and misleading for them to offer or sell 3M respirators that they believed and still believe are genuine without including photographs of those respirators.

56. Defendants deny any unlawful conduct and deny the sale of any counterfeit 3M products.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**DEFENDANTS' RESPONSES TO CLAIMS FOR RELIEF**

**RESPONSE TO FIRST CLAIM FOR RELIEF**

*(Trademark Infringement and Counterfeiting*

*Under the Lanham Act, 15 U.S.C. §§ 1114, 1117)*

57. Defendants' responses to 3M's foregoing statements and allegations are incorporated herein by reference.

58. Defendants admit Count I is a claim for federal counterfeiting and trademark infringement under 15 U.S.C. §§ 1114, 1117, but deny that they are liable for this count.

59. Defendants lack sufficient information to admit or deny, and on that basis, deny.

60. Defendants lack sufficient information to admit or deny, and on that basis, deny.

61. Defendants lack sufficient information to admit or deny, and on that basis, deny.

62. Defendants lack sufficient information to admit or deny, and on that basis, deny.

63. Defendants lack sufficient information to admit or deny, and on that basis, deny.

64. Defendants admit they used photographs of 3M-branded respirators that they were selling on their eBay Storefront. However, Defendants deny that they advertised, promoted, offered for sale, or sold and distributed counterfeit 3M-branded respirators.

65. Defendants deny the unauthorized use of the 3M Marks or the sale of counterfeit 3M products. Defendants further deny that they caused confusion, mistake, or deception or caused irreparable harm. Defendants further contend it would have been more confusing and misleading for them to offer or sell 3M respirators that they believed and still believe are genuine without including photographs of those

respirators.

66. Defendants deny the unauthorized use of the 3M Marks or the sale of counterfeit 3M products. Defendants further deny that they caused confusion, mistake, or deception or caused irreparable harm. Defendants further contend it would have been more confusing and misleading for them to offer or sell 3M respirators that they believed and still believe are genuine without including photographs of those respirators.

67. Defendants deny the unauthorized use of the 3M Marks or the sale of counterfeit 3M products. Defendants further deny that they caused confusion, mistake, or deception or caused irreparable harm. Defendants further contend it would have been more confusing and misleading for them to offer or sell 3M respirators that they believed and still believe are genuine without including photographs of those respirators.

68. Defendants deny that 3M has not consented to the use of its marks, and contend that the sale was authorized by eBay's Verified Rights Owner program, which Defendants believe worked with 3M, and deny that consent was required under the First Sale Doctrine or for the manner in which Defendants sold 3M-branded respirators.

69. Defendants lack sufficient information to admit or deny 3M's longstanding or continuous use, and on that basis, deny. Defendants explicitly deny that they used any 3M Marks in bad-faith or in a scheme to confuse or deceive consumers.

70. Defendants deny these allegations in their entirety and incorporate their responses to 3M's prior allegations as if fully set forth herein.

71. Defendants deny these allegations in their entirety and incorporate their responses to 3M's prior allegations as if fully set forth herein.

72. Defendants deny these allegations in their entirety and incorporate their responses to 3M's prior allegations as if fully set forth herein.

73. Defendants deny these allegations in their entirety and incorporate their

1  responses to 3M's prior allegations as if fully set forth herein.

2      74.    Defendants deny these allegations in their entirety and incorporate their responses to 3M's prior allegations as if fully set forth herein.

4      75.    Defendants deny these allegations in their entirety and incorporate their responses to 3M's prior allegations as if fully set forth herein.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

*(Unfair Competition, False Designation of Origin - 15 U.S.C. § 1125(a))*

76.    Defendants' responses to 3M's foregoing statements and allegations are incorporated herein by reference.

77.    Defendants admit Count II is a claim for federal unfair competition and trademark infringement under 15 U.S.C. § 1125(a)(1)(A)., but deny that they are liable for this count.

78.    Defendants admit that 3M makes these allegations and complains of this conduct but denies this conduct.

79.    Defendants deny these allegations in their entirety and incorporate their responses to 3M's prior allegations as if fully set forth herein.

80.    Defendants deny these allegations in their entirety and incorporate their responses to 3M's prior allegations as if fully set forth herein.

81.    Defendants deny these allegations in their entirety and incorporate their responses to 3M's prior allegations as if fully set forth herein.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

*(Trademark Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c))*

*(Dilution of the Famous 3M Marks)*

82.    Defendants' responses to 3M's foregoing statements and allegations are incorporated herein by reference.

83.    Defendants admit Count III is a claim for federal trademark dilution under 15 U.S.C. § 1125(c), but deny that they are liable for this count.

84.    Defendants lack sufficient information and/or knowledge regarding how

1. famous 3M's marks are, and on that basis deny. Defendants incorporate their responses to 3M's prior allegations as if fully set forth herein.

85. Defendants lack sufficient information and/or knowledge regarding how famous 3M's marks are, and on that basis deny. Defendants incorporate their responses to 3M's prior allegations as if fully set forth herein. Defendants also deny that they engaged in any actions that "whittled away" the 3M brand.

86. Defendants lack sufficient information and/or knowledge regarding how famous 3M's marks are, and on that basis deny. Defendants incorporate their responses to 3M's prior allegations as if fully set forth herein.

87. Defendants deny any misconduct or harm to 3M or its marks.

88. Defendants deny that their engaged in acts that constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

89. Defendants lack sufficient information and/or knowledge regarding the adequacy 3M's remedies, and on that basis, deny.

### RESPONSE TO FOURTH CLAIM FOR RELIEF

*(Price-Gouging and False Advertising in Violation of California Unfair Competition Law – Business & Professions Code, § 17200 et seq.)*

90. Defendants' responses to 3M's foregoing statements and allegations are incorporated herein by reference.

91. Defendants admit Count IV is a claim for price-gouging and false advertising pursuant to California Business and Professions Code § 17200, et seq., but Defendants deny that they are liable for this count.

92. Defendants admit.

93. Defendants admit.

94. Defendants admit.

95. Defendants lack sufficient information and/or knowledge regarding the list price by 3M of its respirators, but deny that they violated Penal Code section 396.

96. Defendants deny that they violated Penal Code section 496.

97. Defendants deny that their seller page depicts listings of counterfeit 3M products or that they engaged in any conduct to confuse customers or sell counterfeit 3M products.

98. Defendants deny the unauthorized use of the 3M Marks or the sale of counterfeit 3M products. Defendants further deny that they caused confusion, mistake, or deception or caused irreparable harm. Defendants further contend it would have been more confusing and misleading for them to offer or sell 3M respirators that they believed and still believe are genuine without including photographs of those respirators. Defendants deny violation California Business & Professions Code section 17200, et seq.

99. Defendants deny that they intended to or did mislead 3M's customers and consumers into believing that products sold by Defendants were manufactured by, authorized for manufacture or distribution by 3M. Defendants further deny that their seller page depicts listings of counterfeit 3M products or that they engaged in any conduct to confuse customers or sell counterfeit 3M products or that they violated California Business & Professions Code § 17200, et seq.

100. Defendants deny engaging any unfair, unlawful, and fraudulent business acts and practices under California Business & Professions Code § 17200, et seq. or any state and federal laws and/or that they have harmed 3M or the consuming public.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

*(Common Law Unfair Competition)*

101. Defendants' responses to 3M's foregoing statements and allegations are incorporated herein by reference.

102. Defendants admit Count V is a claim for unfair competition in violation of California's common law, but Defendants deny that they are liable for this count.

103. Defendants deny that they engaged in unfair competition in violation of California law.

104. Defendants deny that any of their actions have caused 3M to suffer any

harm let alone irreparable harm.

105. Defendants lack sufficient information and/or knowledge about what 3M would do with any monetary recovery in this matter, and on that basis, deny.

## AFFIRMATIVE DEFENSES

106. Defendants have not knowingly or intentionally waived any applicable defenses. Defendants expressly reserve the right to plead additional affirmative defenses and other defenses should such defenses be revealed by discovery in this case. Defendants assert the following defenses without assuming the burden of proof as to any issue that would otherwise rest with Plaintiff, or any of them.

## FAILURE TO STATE A CLAIM

107. Claims One through Five Complaint, and each of them, fail to state a claim upon which relief can be granted.

## FIRST SALE DOCTRINE

108. Plaintiff cannot recover against Defendants due to the First Sale Doctrine in that any items offered by sale by Plaintiff were

## CONSENT

109. Plaintiffs cannot recover against Defendants on any of the alleged Claims for Relief because Plaintiffs consented, by words or conduct, to all of Defendants' actions.

## WAIVER

110. The relief Plaintiff seeks is barred by the doctrine of waiver.

## ESTOPPEL

111. The relief Plaintiff seeks is barred and precluded by their own conduct, actions, and inactions, which amount to and constitute an estoppel of the claim alleged and bar and preclude any relief sought thereby.

## EQUITABLE ESTOPPEL

112. The relief Plaintiff seeks is barred by the doctrine of equitable estoppel.

///

## FAILURE TO MITIGATE

113. Plaintiff cannot recover against Defendants on any of the alleged Claims for Relief because Plaintiffs failed to mitigate their damages, if any.

## ACQUIESCENCE

114. If Plaintiff is found to have a valid trademark, Plaintiffs cannot recover against Defendants for Trademark Infringement or Unfair Competition because Plaintiffs impliedly and explicitly permitted Defendants' use of their mark(s).

## UNJUST ENRICHMENT

115. The relief Plaintiff seeks would unjustly enrich them; their claims for relief are barred and precluded, in whole or in part, as a result thereof.

## UNCLEAN HANDS

116. Plaintiff cannot recover against Defendants on any of their alleged Claims for Relief because Plaintiff is attempting to benefit from their own wrongdoing.

## ADEQUACY OF REMEDY AT LAW

117. The injury or damages suffered by Plaintiffs, if any there be, would be adequately compensated in an action at law for damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief

## SPECULATIVE DAMAGES

118. Plaintiff is barred from recovering, in whole or in part, on any of the alleged Claims for Relief because the damages are speculative.

## GOOD FAITH

119. Plaintiff is barred from recovering, in whole or in part, on any of the alleged Claims for Relief because Defendants acted in good faith.

## LACK OF STANDING

120. Plaintiff lack standing regarding their claims, including for requesting restitution for sums beyond any sums paid by Plaintiff.

///

## INNOCENT INFRINGEMENT

121. Defendants any infringement but contend that if infringement is found then it was innocent and unintentional.

## LACHES

122. Plaintiff's claims are barred by laches in that Plaintiff unreasonably delayed to enforce its rights, despite its awareness of Defendants' actions.

## NO DAMAGES

123. Plaintiff has not been damaged by Defendants' actions.

## FREE SPEECH AND FIRST AMENDMENT

124. Plaintiff's claims are barred in whole or part by Plaintiff's right to free speech and the first amendment of the Constitution of the United States.

## ACTS OF OTHERS

125. Plaintiff's claims are barred in whole or part due to actions of others over whom Defendants have no control.

## FAILURE TO JOIN INDISPENSABLE PARTIES

126. Plaintiff's claims are barred in whole or part due to its failure to join indispensable parties that are responsible for the wrongdoing.

## COMPARATIVE FAULT

127. Defendants deny any wrongdoing, but if wrongdoing is found, Defendants' fault and liability must be reduced due to comparative fault of Plaintiff and/or third-parties.

## DE MINIMIS USE

128. Plaintiff's claims are barred, in whole or in part, because any use by Defendants of Plaintiff's alleged mark(s) was de minimus and caused no likelihood of confusion and/or no damages.

## GOOD FAITH RELIANCE

129. Plaintiff's claims are barred, in whole or in part, because Defendants relied in good faith that they had approval and authorization to sell 3M products based

on an email from eBay's Verified Rights Owner Program and based on representations from the sellers of the merchandise that the respirators were genuine 3M respirators.

### NOT AN EXCEPTIONAL CASE

130. Plaintiff is not entitled to attorney's fees for its claims because this is not an exceptional case.

### PRAYER FOR RELIEF AS TO THE ANSWER:

WHEREFORE, Defendants pray for judgment on the First Amended Complaint as follows:

131. That Plaintiffs take nothing by reason of their First Amended Complaint, and that the First Amended Complaint herein be dismissed with prejudice;

132. That Defendants be awarded their costs and attorneys' fees; and

133. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendants demand a trial by jury for all claims for relief.

DATED: January 21, 2021         LAW OFFICE OF PARAG L. AMIN, P.C.

By: _____
Parag L. Amin,
Attorney for Defendants

# PROOF OF SERVICE

I hereby certify that on January 21, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court for the Central District by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service should be accomplished by the CM/ECF system.

_____
Parag L. Amin,