JAYME C. LONG
(Bar No. 202867)
jayme.long@dentons.com
STEPHANIE PEATMAN
(Bar No. 299577)
stephanie.peatman@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017
Tel:  (213) 623-9300
Fax:  (213) 623-9924

CHRISTOPHER M. WEIMER
(Texas Bar No. 24061894)
*(Pro Hac Vice)*
cweimer@pirkeybarbar.com
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX  78702
Tel:  (512) 322-5200
Fax:  (512) 322-5201

Attorneys for Plaintiff
3M COMPANY

PARAG AMIN (Bar No. 281133)
parag@lawpla.com
LAW OFFICE OF PARAG L. AMIN, P.C.
5901 W. Century Blvd., Suite 1518
Los Angeles, California 90045
Telephone:  (213) 293-7881

Attorneys for Defendants
THE PERFECT PART INC., ADAM ZINKER, CORY ZINKER.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| 3M COMPANY,<br><br>        Plaintiff,<br><br>   vs.<br><br>THE PERFECT PART INC.<br><br>ADAM ZINKER,<br><br>CORY ZINKER.<br><br>        Defendants. | Case No. 2:20-cv-10540-JVS (JEMx)<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br>Judge: Hon. James V. Selna<br>Scheduling Conf: February 22, 2021<br>Time: 10:30 a.m.<br>Ctrm: 10C |

Pursuant to Federal Rule of Civil Procedure (FRCP) 26(f) and this Court's Order Setting Rule 26(f) Scheduling Conference [Dkt. 44], the following counsel for the parties to this action met and conferred via telephone conference concerning the topics outlined in this report:

- Christopher M. Weimer, counsel for Plaintiff 3M Company ("3M" or "Plaintiff"); and
- Parag Amin, counsel for Defendants, The Perfect Part, Inc., Adam Zinker and Cory Zinker ("Defendants").

1. **Synopsis**:

This is an action for the alleged sales of counterfeit goods, trademark infringement, unfair competition, false designation of origin, dilution of a famous trademark, and unjust enrichment in violation of the United States Trademark (Lanham) Act, 15 U.S.C. § 1051, et seq. (as amended), as well as price-gouging and false advertising in violation of California Unfair Competition Law – Business & Professions Code, § 17200 et seq.) and common law unfair competition under California state law. Plaintiff contends that Defendants are online sellers who have sought to exploit the current COVID-19 pandemic by offering counterfeit 3M N95 respirators as well as other 3M-branded products at grossly inflated prices. Plaintiff further contends that Defendants are trading on the reputation and goodwill associated with the famous 3M mark, without 3M's authorization, and are misleading consumers into believing that Defendants are offering authorized, genuine 3M N95 respirator products, when in fact Defendants have offered counterfeit imitations.

Defendants contend that all 3M-branded products offered for sale through their online eBay storefront were genuine. In the event that any 3M products at issue are determined to have been counterfeit, Defendants contend that the they had no knowledge the goods were counterfeit. Defendants further contend that the

first-sale doctrine and their first amendment right to free speech bars Plaintiff's claims for relief in this action. Defendants further contend that they did not engage in price-gouging and that 3M lacks standing to bring any such claim. Defendants have asserted additional affirmative defenses outlined in Defendants' Answer [Dkt. 57].

2. **Legal issues**: a brief description of the key legal issues.

Key legal issues in this proceeding will include at least the following issues: (i) whether Plaintiff can establish that the defendant intentionally used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods; (ii) whether Defendants intentionally offered counterfeit goods, and whether willful blindness is enough to show a defendant's knowledge that a mark is counterfeit; (iii) whether the 3M trademark is famous; (iv) whether and to what extend Plaintiff is entitled to damages, injunctive relief, and attorneys' fees and costs (v) whether a defendant's sales of genuine goods at inflated prices infringes, tarnishes, or otherwise violates Plaintiff's rights in the 3M trademark; and (vi) whether the first sale doctrine excuses Defendants' liability.

3. **Damages**: the realistic range of provable damages.

Under 15 U.S.C. § 1117(a), a plaintiff can recover a defendant's profits, any actual damages, as well as costs of the action. If a plaintiff demonstrates that a defendant intentionally used a counterfeit mark, then by statute the Court should enter judgment for three times defendants' profits or plaintiff's actual damages, whichever amount is greater, together with a reasonable attorney's fee.

In the alternative, a plaintiff in a counterfeiting case may elect to recover, instead of actual damages and profit, an award of statutory damages of (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if

the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed. 15 U.S.C. § 1117(c).

Here, the parties disagree as to the likely range of provable damages. Plaintiff believes provable damages are likely at the upper end of the range of statutory damages in counterfeiting cases. Defendants believe Plaintiff will not recover damages.

### 4. **Insurance.**

The parties are not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in in this action or to otherwise indemnify or be made to satisfy any such judgment.

### 5. **Motions.**

As of the time of this filing, no motions to transfer venue, to amend pleadings, or to substitute parties or claims are contemplated other than a motion to implead one or more third-party sellers who sold 3M products to Defendants for resale. If the Parties cannot resolve this matter Defendants anticipate filing this motion no later than thirty (30) days after viewing 3M's evidence that one or more 3M products sold by Defendants were counterfeit.

### 6. **Discovery & Experts.**

Subjects of anticipated discovery will include matters relevant to any and all claims and affirmative defenses raised in this action, as permitted under the Federal Rules of Civil Procedure and relevant case law. Such topics include:

- Defendants' use of the 3M mark in connection with the offering of and sale of goods;

- Defendants' advertisement, marketing, and promotion of its goods under or in connection with the 3M mark;
- Defendant's communications with customers regarding its goods sold under the 3M mark;
- the applicable *Sleekcraft* factors for determining likelihood of confusion;
- the facts pertinent to a determination of unfair competition under the Lanham Act and California law;
- facts pertinent to a determination of dilution under the Lanham Act;
- facts pertinent to Plaintiff's claims under California Unfair Competition Law – Business & Professions Code, § 17200 et seq.) and common law unfair competition;
- customer complaints regarding Defendants' goods sold under or in connection with the 3M mark;
- any evidence of actual confusion occasioned by Defendants' use of the 3M mark;
- facts pertinent to Defendants' affirmative defenses.

The parties anticipate at this time taking 3-5 depositions on each side.

The parties do not propose any changes to the initial disclosures required under Fed. R. Civ. P. 26(a). Initial disclosures shall be made on or before February 19, 2021.

The parties do not believe that discovery should be conducted in phases or otherwise be limited to or focused on particular issues.

Plaintiff has engaged in any some expedited discovery in connection with its motions for preliminary injunctive relief in this proceeding. Beyond that, no further discovery has been conducted to date.

The parties are presently negotiating an ESI Order for submission to the Court. That proposed ESI Order will address any issues about disclosure,

discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. The parties acknowledge that they must disclose on a privilege log any information they withhold from production based on privilege or work product protection. The parties agree to prepare and produce a privilege log that complies with FRCP 26(b)(5)(A) within a reasonable time after serving written responses to the related discovery requests/making the related document production. The parties agree that the protections provided in FRCP 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Under FRCP 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert relating to this action are exempt from discovery unless relied on by the expert in forming an opinion. If an expert produces a report, the expert must produce the final report and all relied on materials.

### 7. Dispositive motions.

The parties do not specifically anticipate the filing of any dispositive motions at this time, but reserve the right to do so, pursuant to the Scheduling Order entered in this action.

### 8. Settlement and Settlement Mechanism.

To date, the parties have had significant discussions through counsel regarding a potential resolution of this action. Counsel for Plaintiff has shared a proposed written settlement agreement with counsel for Defendants. To date, the parties have not reached agreement on any potential terms of settlement.

The parties select suggested ADR Procedure 1 – appearing before the District Judge or Magistrate Judge assigned to the case for settlement proceedings,

as the judge may conduct.

### 9. **Trial Estimate.**

The parties request that any trial be conducted before a jury and estimate that the length of the trial will be 5-6 court days. The parties have not yet determined the number of witnesses that each side would call.

### 10. **Timetable.**

The parties have completed the Presumptive Schedule of Pretrial Dates form and have attached it as Exhibit A

### 11. **Other issues.**

The parties anticipate entry of a Protective Order governing the exchange of information through discovery and filings in this action. Plaintiff anticipates seeking a Protective Order providing not only for protection of the parties' confidential and trade secret information, but also for heightened protection of information pertaining to its methods for making determinations that specific goods offered by Defendants are counterfeit.

The parties agree that communications and service of documents will occur by email. Each party shall provide the names of counsel to be copied and a distribution list that includes counsel. Service by email shall be treated as service by hand. For purposes of motions, briefs, or other court filings, ECF and service by email shall be effective on the calendar date served. For purposes of discovery requests, service by email shall be effective on the date served if served before midnight Pacific time on a given date, and, if not, shall be effective on the following date; provided that three days shall not be added to the deadline for the response in either case. For purposes of discovery responses, service by email shall be effective on the calendar date served.

## 12. Conflicts.

Pursuant to the Court's Order [Dkt. 55], which requires that "corporate parties must identify all subsidiaries, parents and affiliates," Plaintiff 3M Company attaches hereto as Exhibit B a list of subsidiary and affiliated entities, which is publicly available as part of 3M's Form 10-K Annual Report for the fiscal year ended December 31, 2020.

Defendant The Perfect Part, Inc., whose sole shareholders are Adam Zinker and Cory Zinker does not have any subsidiaries, parents, or affiliate companies.

## 13. Magistrate.

The parties do not consent to having a Magistrate preside over all of the proceedings.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| PIRKEY BARBER PLLC | LAW OFFICE OF PARAG L. AMIN, P.C. |
| /s/Christopher M. Weimer | /s/ Parag L. Amin |
| Christopher M. Weimer<br>cweimer@pirkeybarber.com<br>1801 East 6th Street, Suite 300<br>Austin, TX 78702<br>Tel: (512) 322-5200<br>Fax: (512) 322-5201<br><br>and<br><br>DENTONS US LLP<br>Jayme C. Long<br>jayme.long@dentons.com<br>Stephanie Peatman<br>stephanie.peatman@dentons.com<br>601 South Figueroa Street<br>Suite 2500<br>Los Angeles, CA 90017<br>Tel: (213) 623-9300<br>Fax: (213) 623-9924<br><br>Attorneys for Plaintiff,<br>3M Company | Parag L. Amin<br>parag@lawpla.com<br>5901 W. Century Blvd., Suite 1518<br>Los Angeles, CA 90045<br>Tel: (213) 293-7881<br>Fax: (213) 986-3563<br><br>Attorney for Defendants,<br>The Perfect Part Inc., Adam Zinker, and Cory Zinker |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2021, I electronically filed the foregoing JOINT 26(f) REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF system which will send notification of the filing to counsel for Defendants at:

Parag L. Amin
parag@lawpla.com
Law Office of Parag L. Amin, P.C.
5901 W. Century Blvd., Suite 1518
Los Angeles, CA 90045

Attorney for Defendants,
The Perfect Part, Inc., Adam Zinker,
and Cory Zinker

                                           */s/ Christopher M. Weimer*
                                           Christopher M. Weimer

# EXHIBIT A
## Presumptive Schedule of Pretrial Dates

| Matter | Time | Weeks before trial | Plaintiff's request | Defendants' request | Court Order |
|---|---|---|---|---|---|
| Trial date | 8:30 (Tue.) | | Feb. 1, 2022 | Feb. 1, 2022 | |
| File Findings of Fact and Conclusions of Law | | -1 | Jan. 25, 2022 | Jan. 25, 2022 | |
| Final Pretrial Conference | 11:00 (Mon.) | -2 | Jan. 17, 2022 | Jan. 17, 2022 | |
| Lodge Pretrial Conference Order | | -3 | Jan. 11, 2022 | Jan. 11, 2022 | |
| Last day for hand-service Motions in Limine | | -6 | Dec. 21, 2021 | Dec. 21, 2021 | |
| Last day for hearing motions | 1:30 (Mon.) | -7 | Dec. 13, 2021 | Dec. 13, 2021 | |
| Last day for hand-serving motions (other than motions in limine) | | -11 | Nov. 16, 2021 | Nov. 16, 2021 | |
| Non-expert Discovery cut-off | | -15 | Oct. 12, 2021 | November 1, 2021 | |

**Additional Matters to Be Determined at Scheduling Conference**

| Matter | Time | Weeks before trial | Plaintiff's request | Defendants' request | Court Order |
|---|---|---|---|---|---|
| Expert discovery cut-off | | | Nov. 1, 2021 | Dec. 6, 2021 | |
| Rebuttal Expert Witness Disclosures | | | Oct. 15, 2021 | Oct. 15, 2021 | |
| Opening Expert Witness Disclosues | | | Sept. 17, 2021 | Sept. 17, 2021 | |
| Last day to conduct | | | ▓▓▓ | ▓▓▓ | |

| | | | | |
|---|---|---|---|---|
| Settlement Conference | | | | |
| Last day to amend pleadings or add parties | | | | |

# Exhibit B

**3M COMPANY AND CONSOLIDATED SUBSIDIARIES (PARENT AND SUBSIDIARIES)**
**AS OF DECEMBER 31, 2020**

| Name of Company | Organized Under Law of |
|---|---|
| Registrant — 3M Company | Delaware |
| **Consolidated subsidiaries of the Registrant:** | |
| 3M Financial Management Company | Delaware |
| 3M Global Channel Services, Inc. | Delaware |
| 3M Innovative Properties Company | Delaware |
| 3M Interamerica, Inc. | Delaware |
| 3M Occupational Safety LLC | Delaware |
| 3M Purification Inc. | Delaware |
| Acelity, Inc. | Delaware |
| Aearo Holding LLC | Delaware |
| Aearo Intermediate LLC | Delaware |
| Aearo LLC | Delaware |
| Aearo Technologies LLC | Delaware |
| Capital Safety North America Holdings Inc. | Delaware |
| Capital Safety North America Intermediate Holdings LLC | Delaware |
| Ceradyne, Inc. | Delaware |
| Chiron Holdings, Inc. | Delaware |
| KCI Holding Company, Inc. | Delaware |
| KCI International, Inc. | Delaware |
| KCI Licensing, Inc. | Delaware |
| KCI USA, Inc. | Delaware |
| MModal IP LLC | Delaware |
| MModal LLC | Delaware |
| Scott Technologies, Inc. | Delaware |
| 3M Unitek Corporation | California |
| Meguiar's, Inc. | California |
| 3M Health Information Systems, Inc. | Maryland |
| D B Industries, LLC | Minnesota |
| MModal MQ Inc. | New Jersey |
| MModal Services, Ltd. | New Jersey |
| Kinetic Concepts, Inc. | Texas |
| 3M Australia Pty. Ltd. | Australia |
| 3M Precision Grinding GmbH | Austria |
| 3M Belgium bvba/sprl | Belgium |
| 3M do Brasil Ltda. | Brazil |
| 3M Manaus Industria de Produtos Quimicos Ltda. | Brazil |
| 3M Canada Company - Compagnie 3M Canada | Canada |
| Capital Safety Group Canada ULC | Canada |
| KCI Cayman Holdings | Cayman Islands |
| 3M China Limited | China |
| 3M International Trading (Shanghai) Co., Ltd. | China |
| 3M Investments (China) Co., Ltd. | China |
| 3M Material Technology (Suzhou) Co., Ltd. | China |
| 3M Specialty Materials (Shanghai) Co., Ltd. | China |
| 3M Purification SAS | France |
| 3M France S.A.S. | France |
| Capital Safety Group EMEA | France |
| 3M Deutschland GmbH | Germany |
| 3M Real Estate GmbH & Co KG | Germany |
| Dyneon GmbH | Germany |
| 3M Hong Kong Limited | Hong Kong |
| 3M India Limited | India |
| KCI Manufacturing Unlimited Company | Ireland |
| 3M ITALIA s.r.l. | Italy |
| 3M Health Care Sales Limited | Japan |
| 3M Japan Limited | Japan |
| 3M Japan Holdings G.K. | Japan |

| Name of Company | Organized Under Law of |
|---|---|
| 3M Japan Products Limited | Japan |
| 3M Korea High Tech Limited | Korea |
| 3M Korea Ltd | Korea |
| 3M Asset Management S.a.r.l. | Luxembourg |
| 3M Global Capital S.a.r.l. | Luxembourg |
| Medical Holdings Limited | Malta |
| 3M Mexico, Sociedad Anonima de Capital Variable | Mexico |
| 3M Asia Holding B.V. | Netherlands |
| 3M Holding Company B.V. | Netherlands |
| 3M Intermediate Acquisitions B.V. | Netherlands |
| 3M International Group B.V. | Netherlands |
| 3M International Holding B.V. | Netherlands |
| 3M International Investments B.V. | Netherlands |
| 3M West Europe B.V. | Netherlands |
| KCI Europe Holding B.V. | Netherlands |
| Systagenix Wound Management B.V. | Netherlands |
| Systagenix Wound Management Mezz B.V. | Netherlands |
| 3M Panama Pacifico S. de R.L. | Panama |
| 3M Poland Manufacturing Sp. z.o.o. | Poland |
| 3M Wroclaw spolka z ograniczona odpowiedzialnoscia | Poland |
| 3M Innovation Singapore Pte. Ltd. | Singapore |
| 3M Singapore Pte. Ltd. | Singapore |
| 3M Espana, S.L. | Spain |
| 3M Svenska Aktiebolag | Sweden |
| 3M EMEA GmbH | Switzerland |
| 3M Taiwan Limited | Taiwan |
| 3M Taiwan Optronics Corporation | Taiwan |
| Alpha Beta Global Tapes and Adhesives Co., Ltd. | Taiwan |
| 3M Thailand Limited | Thailand |
| 3M Asia Pacific UK Holding Ltd | United Kingdom |
| 3M Products Limited | United Kingdom |
| 3M UK Holdings Limited | United Kingdom |
| 3M United Kingdom Public Limited Company | United Kingdom |
| Capital Safety Acquisitions Limited | United Kingdom |
| Capital Safety Global Holdings Limited | United Kingdom |
| KCI UK Holdings Limited | United Kingdom |
| Scott Health & Safety Limited | United Kingdom |
| Systagenix Wound Management, Limited | United Kingdom |

NOTE: Subsidiary companies excluded from the above listing, if considered in the aggregate, would not constitute a significant subsidiary.