# JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 3M COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PERFECT PART INC.,<br>ADAM ZINKER, and<br>CORY ZINKER,<br><br>    Defendants. | Case No. 2:20-cv-10540-JVS-JEM<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION<br><br>Complaint Filed: November 18, 2020<br><br>Jury Trial Demanded |

Pursuant to the Notice of Settlement and Stipulation for Entry of Consent Judgment and Permanent Injunction between Plaintiff 3M Company ("Plaintiff" and/or "3M" ), on the one hand, and Defendants The Perfect Part, Inc., Adam Zinker, and Cory Zinker (together, "Defendants") on the other (the "Stipulation"), the Court hereby ORDERS, ADJUDICATES and DECREES that judgment and a permanent injunction shall be and hereby is entered as follows:

**FINDINGS**

1. This Court has jurisdiction over the subject matter of this case and over the Stipulating Parties.

2. Venue is proper as to the Stipulating Parties in the Central District of California pursuant to 28 U.S.C. § 1391(b).

3. The Complaint states *prima facie* claims upon which relief may be granted against the Defendants under 15 U.S.C. §§ 1114(1), 1116(d), 1125(a)(1)(A), and 1125(c) as well as California Business & Professions Code, §§ 17200 et seq. and 17500 et seq.

4. 3M is the owner of numerous federal trademark registrations, including specifically (i) U.S. Trademark Reg. No. 3,398,329, which covers the standard-character 3M mark in International Classes 9 and 10 for, inter alia, respirators (the "'329 Registration"), (ii) U.S. Trademark Reg. No. 2,692,036, which covers the 3M logo for, inter alia, a "full line of surgical masks, face shields, and respiratory masks for medical purposes" (the "'036 Registration"); and (iii) U.S. Trademark Reg. No. 2,793,534, which covers the 3M design mark in International Classes 1, 5, and 10 for, inter alia, respirators (the "'534 Registration"), all of which are registered on the Principal Register in the United States Patent and Trademark Office and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

5. Since long before Defendants used any "3M" designation or mark, 3M has offered products under its 3M mark, including in connection with 3M-brand respirators.

6. As a result of its longstanding use of the 3M mark, the 3M mark has become famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

7. From July 2020 through November 2020, Defendants purchased approximately 59,127 masks marked as 3M N95 respirators from five different sellers. Defendants paid these sellers a total of approximately $265,122.92 for the masks marks as 3M N95 respirators.

8. From July 2020 through November 2020, Defendants sold approximately 52,657 of the masks they had purchased to approximately 3,226

consumers through eBay.com for a total price of approximately $394,245.96. Defendants described and contend they believed these masks to be authentic 3M-branded N95 respirators. Defendants sold these masks at prices higher than their purchase price.

9. In making the sales described above, Defendants adopted and began using the 3M mark in US commerce. Defendants represented or implied that they had an association or affiliation with, sponsorship by, and/or connection with, 3M and 3M's products. Defendants represented or implied that the products they sold were authentic 3M N95 respirator masks and contend they believed that they were authentic 3M N95 respirator masks.

10. After examining evidence provided by 3M via an Attorney's Eyes-Only evidence examination, Defendants acknowledge that one or more of their suppliers may have sold them counterfeit 3M masks and Defendants that Defendants may have unintentionally sold counterfeit 3M masks. Defendant sold these masks, as well as other genuine 3M Masks, at inflated prices several times the prices charged by 3M during the state of emergency that was declared on March 4, 2020 in response to COVID-19.

11. 3M contends that Defendants' conduct is likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and has deceived the relevant consuming public into believing, mistakenly, that Defendants' goods and associated conduct originate from, are associated or affiliated with, or are otherwise authorized by 3M. Defendants' conduct is also likely to cause confusion or deceive consumers as to the pricing and value of 3M products. Further, Defendants' conduct is likely to dilute the distinctive quality of, and tarnish the reputation of, 3M's famous 3M mark.

12. The foregoing conduct by Defendants constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a), dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and violation of California Business & Professions Code, §§ 17200 et seq. and 17500 et seq.

13. Defendants realized approximately $20,621.62 in profits on the sales of the 3M N95 respirators through eBay.com, and the Court has ordered eBay.com to hold $20,621.62 in reserve from Defendants' eBay.com seller account.

14. As a direct and proximate result of the Defendants' conduct alleged herein, 3M has sustained substantial, immediate, and irreparable injury, and is entitled to monetary relief and an injunction pursuant to 15 U.S.C. §§ 1116-1117.

15. Entry of this Consent Judgment and Permanent Injunction is in the public interest.

16. Defendants, without admitting the allegations set forth in Plaintiff's Complaint or any wrongdoing on their part, and 3M hereby stipulate to entry of this Consent Judgment and Permanent Injunction.

17. Defendants have waived all rights to seek judicial review or otherwise challenge or contest the validity of this Order, and further waive and release any claim they may have against 3M its employees and agents, including any rights that may arise for attorneys' fees or other costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, amended by Pub. L. 104-121, 110 Stat. 847,863-64 (1996).

## ORDER

IT IS THEREFORE ORDERED that:

1. This Order supersedes the Court's prior temporary restraining orders in this Lawsuit.

2. Defendants shall pay 3M the total sum of $20,621.62 ("Settlement Amount") as set forth in the Settlement and Mutual Release Agreement dated April 22, 2021.

3. Within three (3) business days of receiving the Settlement Amount, 3M shall file an Acknowledgment of Satisfaction of Judgment with the Court

4

acknowledging that the monetary component of the Consent Judgment and Permanent Injunction has been satisfied and paid in full.

4. Defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with them, are permanently enjoined from any of the following:

    a. Selling or offering to sell any 3M Products, or otherwise using the 3M mark or any confusingly similar mark unless expressly authorized by 3M; and

    b. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by this paragraph.

5. This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Consent Judgment and Permanent Injunction.

6. If Defendants are found to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the Stipulating Parties agree that 3M shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed by the Court to be proper in the event of such violation.

7. All claims and defenses that were alleged (or that could have been alleged) in the Lawsuit by any of the Stipulating Parties are hereby resolved by this Consent Judgment and Permanent Injunction. However, notwithstanding the generality of the foregoing, this Consent Judgment and Permanent Injunction does not bar Defendants from pursuing subsequent indemnity or contribution claims against one or more third-parties arising from or relating to the matters in this Lawsuit or this Consent Judgment.

8. The Stipulating Parties shall each bear their own costs and attorneys' fees incurred in this action.

This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of 3M's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

**IT IS SO ORDERED.**

Dated: April 26, 2021

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

**IT IS SO STIPULATED.**

Dated: April 26, 2021        SAMANTHA FAHR
                             CHRISTOPHER WEIMER

                             By:  */s/ Christopher Weimer*
                                   Christopher Weimer
                             Attorneys for Plaintiff
                             3M COMPANY

Dated: April 26, 2021        **LAW OFFICE OF PARAG L. AMIN, P.C.**

                             By:  */s/ Parag Amin*
                                   Parag Amin
                             Attorney for Defendants
                             THE PERFECT PART INC., CORY ZINKER, ADAM ZINKER.

# SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4, the undersigned hereby attests that concurrence in the filing of this **STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION** has been obtained from counsel for Defendants and is electronically signed with the express permission of Defendants' counsel.

Dated: April 26, 2021

SAMANTHA FAHR
CHRISTOPHER WEIMER

By: */s/ Christopher Weimer*
    **Christopher Weimer**

Attorneys for Plaintiff
3M COMPANY